UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROGER LAMB,

      Plaintiff,

  v.                                                         CASE NO. 8:07-CV-767-T-MAP

MICHAEL J. ASTRUE,
Commissioner of Social Security,

      Defendant.
_____/

## **ORDER**

Pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), the Plaintiff seeks judicial review of the Commissioner's decision denying his claim for period of disability, disability insurance benefits, and supplemental security income. In his very brief memorandum of law, Plaintiff seems to argue that the Administrative Law Judge ("ALJ") erred in finding his allegations considering his limitations not credible and in disregarding the vocational expert's testimony. Having carefully reviewed the record, I find the Commissioner correctly followed the regulatory scheme and the decision is supported by substantial evidence.

*A. Background*

Plaintiff, who was 40 years old at the time of the ALJ's decision, has a ninth grade education, and past relevant work experience as a pool cleaner, mason tender, powder coater, painter and trussmaker. He claims he became disabled due to a back injury. Following an administrative hearing, the ALJ denied his benefits, and the Appeals Council denied review. Consequently, the Plaintiff pursued and exhausted his administrative remedies and applied to this Court for consideration under 42 U.S.C. §§ 405(g) and 1383(c)(3).

*A. Standard of Review*

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations that are currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520; 416.920. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. §§ 404.1520(a); 416.920(a). Under this process, the Secretary must determine, in sequence, the following: whether the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, i.e., one that significantly limits the ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of Appendix 1, 20 C.F.R. Subpart P; and whether the claimant can perform his or her past relevant work. If the claimant cannot perform the tasks required of her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of her age, education, and work experience. A claimant is entitled to benefits only if unable to perform other work. See *Bowen v. Yuckert*, 482 U.S. 137 (1987); 20 CFR §§ 404.1520(f), 416.920(f).

In reviewing the ALJ's findings, this court must ask if substantial evidence supports them. *Richardson v. Perales*, 402 U.S. 389 (1971). The ALJ's factual findings are conclusive if "substantial evidence" consisting of "relevant evidence as a reasonable person would accept as adequate to support a conclusion" exists. See 42 U.S.C. § 405(g); *Keeton v. Department of Health and Human Services*, 21 F.3d 1064 (11th Cir. 1994). The court may not reweigh the evidence nor substitute its own judgment for that of the ALJ even if it finds that the evidence preponderates against the ALJ's decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's failure to apply the correct law, or to give the reviewing court

sufficient reasoning for determining that he has conducted the proper legal analysis, mandates reversal. *Keeton*, supra, at p. 1066; *Jamison v. Bowen*, 814 F.2d 585 (11th Cir. 1987) (remand for clarification).

    *C. Discussion*

        *1. Plaintiff's subjective complaints*

Plaintiff asserts the ALJ erred by discrediting his subjective complaints regarding his limitations. He complains that the ALJ failed to make specific findings stating clear and convincing reasons for rejecting his testimony concerning his subjective symptoms. Under the Eleventh Circuit's three-part "pain standard," the Plaintiff must show: (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain. *Foote v. Chater,* 67 F.3d 1553, 1560-61 (11th Cir. 1995); *Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986). Indeed, in certain instances, pain alone can be disabling even if unsupported by objective evidence. *Foote* at 1561. In this case, the ALJ specifically stated that he "must consider all symptoms, including pain, and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence based on the requirements of 20 C.F.R. § 404.1529 and 416.929, and Social Security Ruling 96-7p. The ALJ summarized Plaintiff's complaints of back pain, noting that he estimated he can sit and walk for twenty minutes each, and can lift twenty pounds. He also noted Plaintiff's complaint of continuous back pain that is dulls the pain but does not take it away (R. 15). Plaintiff testified that he sleeps twelve hours a day, and lies down for four hours during the day due to pain (R. 15). The ALJ further noted that Plaintiff mows his lawn on a riding mower,

3

shops and cleans with assistance from his girlfriend, and mentioned to his doctor that he wanted to find some reduced level of employment (R. 17, R. 206).  In reaching the RFC determination, the ALJ stated that he had "considered the claimant's testimony regarding his subjective allegations of disabling pain and other symptoms but finds his testimony less than fully credible because his allegations are excessive and not fully supported by the evidence of record" (R. 17).  The ALJ went on the carefully evaluate the medical records, including notations in the medical records indicating that after his back surgery his pain was reasonably controlled with Lortab and ibuprofen, supporting his RFC decision (R. 18).  I find the ALJ properly applied the pain standard in concluding the Plaintiff's objective medical evidence and testimony was inconsistent with the severity of symptoms complained of or that could be reasonably expected from the Plaintiff's impairments.  In light of the ALJ's thorough evaluation of Plaintiff's subjective complaints in light of the objective evidence of record, I find his complaint that the ALJ failed to make specific findings stating clear and convincing reasons for rejection of Plaintiff's testimony meritless.

>2. *Vocational expert testimony*

Citing to a particular hypothetical posed by the ALJ to the VE, the Plaintiff contends the ALJ's decision is contrary to the VE's testimony.  At the administrative hearing, the ALJ asked the VE to "assume a hypothetical individual who has an RFC consistent with the claimant's testimony, and he can sit for two hours before he has to change position, stand for twenty minutes, walk for 20 minutes, cannot lift or carry more than 20 pounds, cannot engage in repeated bending, pushing, or pulling, has to lay down four hours – and lay down occasionally on the job" (R. 247).  The VE, based on this assumption, responded the individual could not return to his past relevant work or perform any other jobs (R. 247).  Plaintiff claims this

particular hypothetical accurately describes his limitations, and that the ALJ erred in concluding he can perform a significant range of light work.

The ALJ's hypothetical posed to the VE must comprehensively describe the plaintiff's limitations. *See Pendley v. Heckler*, 767 F.2d 1561, 1563 (11th Cir. 1985). Of course, the ALJ is not required to include limitations found not credible, and submits to the expert only those supported by objective evidence of record. *See Allen v. Barnhart*, 174 Fed.Appx. 497 (11th Cir. 2006) citing *Crawford v. Commissioner of Social Security*, 363 F.3d 1155, 1161 (11th Cir. 2004) (ALJ is not required to include findings in the hypothetical that the ALJ had properly rejected as unsupported). Here, the ALJ posed a few different hypotheticals to the VE, each one based on different limitations. The hypothetical quoted above includes limitations the ALJ ultimately did not find credible.

The ALJ posed another hypothetical to the VE that included the limitations the ALJ found supported by the objective evidence in his decision: lifting and carrying a maximum of twenty pounds occasionally and ten pounds frequently with no repetitive bending, stooping, twisting or crawling and necessity to change positions every twenty minutes, and no concentrated exposure to respiratory irritants or work at heights or around hazardous machinery (R. 20-21). The VE responded that based on the hypothetical the individual could perform about half the production assembly jobs, jobs such as cashier and telemarketer (R. 245-46). Accordingly, I find the ALJ's testimony is consistent with the VE's testimony, and that the ALJ did not err in relying on the VE's opinions in concluding Plaintiff can perform work in the national economy.

*D. Conclusion*

For the reasons stated, it is hereby

ORDERED:

1. The Plaintiff's complaint is dismissed and the Commissioner's decision is affirmed.

2. The Clerk is directed to enter judgment for the Commissioner.

IT IS SO ORDERED at Tampa, Florida, on April 9, 2008.

*Mark A. Pizzo*
MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE